IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

TIMOTHY B. WILKS,

    Plaintiff,                                                          ORDER

    v.                                                                       24-cv-122-wmc

LESLIE McKEE,

    Defendant.

_____

        Plaintiff Timothy B. Wilks, who is representing himself while incarcerated at the Stanley Correctional Institution ("SCI"), filed this suit under 42 U.S.C. § 1983, alleging inadequate medical care. Plaintiff was granted leave to proceed with claims against three defendants who were employed by the Wisconsin Department of Corrections at SCI: Dr. Joan Hannula; Health Services Manager ("HSM") Jamie Barker; and Nurse Practitioner ("NP") Leslie McKee. (Dkt. #12.) Plaintiff was also granted leave to proceed with claims against two defendants who are privately employed: Dr. Rajesh Maddikunta; and Registered Nurse ("RN") Emily Cook. (*Id*.)

        On August 28, 2025, the court granted summary judgment in favor of defendants Maddikunta, Cook, Hannula, and Barker on the grounds that Wilks did not exhaust administrative remedies before filing suit against them as required by the Prison Litigation Reform Act. (Dkt. #66.) Plaintiff has filed a notice of appeal from that decision, which is pending before the United States Court of Appeals for the Seventh Circuit. (Dkt. #74.) Plaintiff has also filed a motion to stay further proceedings regarding his claims against the

1

sole remaining defendant, NP McKee, pending the result of that appeal. (Dkt. #89.) He further asks for reconsideration of a previous ruling that denied his request to take judicial notice of state medical and pharmacy examining board standards, which he failed to provide for the court to review. (*Id.*) Both requests will be denied.

A stay is not available as a matter of right, and the party seeking a stay bears the burden of proving that the court should exercise its discretion to grant one. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Plaintiff does not meet that burden here. "An appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision." *Common Cause Ind. v. Lawson*, No. 1:17-cv-3936, 2018 WL 4853569, at *2 (S.D. Ind. Oct. 5, 2018). "So long as the district court stays clear of the particular subject on appeal, it can exercise jurisdiction on other aspects of the case without issue." *Doe #1 by Doe #2 v. Mukwonago Area Sch. Dist.*, 796 F. Supp. 3d 536, 538-39 (E.D. Wis. 2025). Because the remaining claims against defendant McKee are distinct from the issues on appeal, a stay is not required. Plaintiff fails to otherwise show that a stay is warranted by any other circumstance. Accordingly, plaintiff's motion to stay will be denied.

The court will also deny plaintiff's request to reconsider taking judicial notice of medical and pharmacy examining board regulatory materials. As noted previously, he has not provided these materials for the court to review. (Dkt. #67.) Plaintiff does not otherwise demonstrate that judicial notice of these materials is proper. A court may only take judicial notice of an adjudicative fact "that is both 'not subject to reasonable dispute' and either (1) 'generally known within the territorial jurisdiction of the trial court' or (2)

'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). In order for a fact to be judicially noticed, "indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). Because plaintiff has met none of these criteria, his request for reconsideration must be denied.[1]

ORDER

IT IS ORDERED THAT:

1) Plaintiff Timothy B. Wilks's motion to stay (dkt. #89) is DENIED.

2) Plaintiff's motion for reconsideration of its previous ruling on his request for judicial notice (dkt. #89) is also DENIED.

Entered this 5th day of January, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Within his request for reconsideration, plaintiff also mentions requests for admission and interrogatories that he served on defendant McKee previously. (Dkt. #89, ¶ 7.) The court notes that these discovery requests were filed with the court. (Dkt. #47-4.) Because plaintiff does not claim that McKee has failed to answer his requests or that he has been denied discovery, it is unclear what he is asking the court to do. Plaintiff is reminded that discovery documents must be sent directly to defendant's counsel and need not be filed with the court except to support some other matter, such as a motion or a response to a motion. *See* Pretrial Conference Order (dkt. 25, at 11).